Mr. Justice Thacher
delivered the opinion of the Court.
This was an appeal from the judgment of the .Circuit Court of Jefferson county, upon an agreed special verdict. On the 9th day of April, 1836, Thomas Allein made his promissory note, negotiable and payable at the Agricultural Bank of Mississippi, four years aftér its date, which was, on the day of its date, indorsed by James Wood and James Payne, for the accommodation of the maker, and by him passed to Fauver & Farnsworth. On the 2d day of January, 1838,-Fauver & Farnsworth gave Allein an obligation, with a full penalty, to deliver up the note now in suit, acknowledging therein that the said note had been liquidated by him. Fauver deceased some time in the summer or fall of 1838, after which event the note was in the possession of his widow, indorsed by Wood and Payne, and was taken out of her possession *57 without her consent. Subsequently, and before its maturity, the note was indorsed by Peter Little, and was discounted to his credit by the Agricultural Bank, on the 25th day of February, 1839. The note was regularly protested for non-payment, and due notice given to all the indorsers. Upon a finding of facts, of which the foregoing is an abstract, the Court below rendered a judgment for the Agricultural Bank, against all the parties to the note.
The appellants rely upon the statute regulating the assignment of promissory notes, &c., How. & Hutch. 373, s. 12, as affording them the benefit in this action^of the liquidation of the note, by the maker, with Fauver & Farnsworth. This payment was complete, although the note was not surrendered up at that time. A demand of payment, without a presentation of the note, is an insufficient demand ; but a payment of a note, without its delivery, but also in the absence of notice to its maker, of its assignment, is good, and is protected by the very operation of this statute. It does not appear that the note had been assigned at the time of the arrangement with Fauver & Farnsworth. The fact of its nondelivery, at that time, might possibly raise such a presumption ; but in a defence of the kind under consideration, the proof of notice to the maker of the assignment, is a matter requiring a higher degree of evidence than that of presumption. The obligation of the indemnity extended merely to a future delivery of the note. The fact of taking the indemnity, might be considered as a presumptive notice of assignment, but still of no higher grade of evidence than that which arises from the non-delivery of the note, and so far as it was intended as a protection against payment in the hands of other holders, was entirely unnecessary; because such payment could not be enforced by them, by the terms of the statute, without proof of notice of the assignment to them.
The statute in question allows the defendant in all actions upon such instruments, whether negotiable or not, the benefit of all want of lawful consideration, failure of consideration, payments, discounts, and set-offs, made, had, or possessed against the same, previous to notice of assignment. This has the effect to change the rule in many particulars, as established by the Law Merchant. The assignee takes the note, subject to all the objections and in- *58 cumbrances that may appertain to it, of the kind described in the statute, up to the time of the notice of assignment.
The appellees rely chiefly upon the opinion of C. J. Marshall,, in the case of Mandeville v. The Union Bank of Georgetown, 9 Cranch, 1. It is there laid down, that by making a note negotiable in bank, the maker authorizes the bank to advance on his credit, to the owner of the note, the sum expressed on its face ; that it would be a fraud on the bank to set up offsets against this note, in consequence of any transactions between the parties, and that such offsets are waived, and cannot, after the. note has been discounted, be again set up. But, passing over the points of difference in the facts which seem to exist between that case and the one now under examination, the principle there established, although made in view of a statute similar to our own, appears to us totally irreconcilable with the spirit and object of the statute. And while the opinion expressed by this Court in the case of McMurran v. Soria, et al., 4 H. 154, does not amount to a recognition of that decision, it has already been seriously questioned in Parham, et al. v. Randolph, et al., 4 H. 435. The authority turns exclusively upon the position, that the maker of a note, by making it negotiable in bank, authorizes the bank to advance its amount upon his credit. Such is by ho means the custom in this State, where notes are made thus negotiable and payable, simply as a convenience to the maker in paying, and to the holder in receiving payment. On the other hand, the statute is express and without exception. There is no statutory exception to set-offs, existing under such circumstances, and the introduction of such exceptions by the courts, might entirely defeat the intent of the statute. _
Though the facts of this case, by virtue of this statute, afford a sufficient defence to Ailein, Wood, and Payne, they do not avail the indorser, Little. He did not become an indorser until subsequent to the arrangement made by Ailein with Fauver & Farns-worth ;' but as between him and the Agricultural Bank, the contract was new and separate, nor does anything appear which can prevent k recovery from him by the Agricultural Bank. Under the act of May, 1837, regulating actions founded upon bills of exchange and promissory notes, it is lawful to render a verdict against part of the defendants, when the evidence requires such a verdict.
*59 The judgment, therefore, of the Court below, is reversed as to the defendants, Allein, Wood, and Payne, but affirmed as to the defendant Little ; and this Court, proceeding to pronounce the judgment which the Court below should have given, directs that a judgment be entered up in favor of the said defendants, Allein, Wood, and Payne.